# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFERY MCWILLIAMS,** | : | Civil No. 3:13-CV-2650 |
| **Plaintiff** | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **MEDICAL DEPARTMENT, et al.,** | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

On October 28, 2013, the plaintiff, Jeffery McWilliams, a state prisoner, filed a *pro se* complaint with this Court. (Doc. 1) McWilliams' complaint is a terse document. It names one institutional defendant, the Department of Corrections, SCI Rockview Medical Department, and two individual defendants, "Counslor [sic]/ Mr. Bender" and "kitchen/Mr. Weaver."

As to these defendants, McWilliams' claims are also cryptic. With respect to the medical department he simply states that: "On 9/22/13 I saw them about my hip and left leg giving me problems and that I need surgery." (Id.) As relief, McWilliams

1

sought to prescribe a specific course of treatment stating: "I want to have surgery done in a outside hospital." (Id.)

McWilliams' claims against the individual defendants, Bender and Weaver, have a similarly enigmatic quality to them. With regard to defendant Bender, McWilliams simply alleged that "[o]n 10/18/13 I saw him about starting my sex offender program I was suppose to start on 10/22/13 but he removed me from te call out he is denying me programing." As relief, McWilliams demanded a "new counslor [sic] and new group instructor and put in my group emediately [sic]." (Id.) Finally, as for defendant Weaver, McWilliams' complaint stated that, "[o]n 9/22/13 I fell at work and my supervisor failed to document my fall on a incident report," actions for which McWilliams sought the following relief from this Court: "I want him sanctioned for failing to do his job." (Id.)

Along with his complaint, McWilliams has filed a motion seeking leave to proceed *in forma pauperis*. (Doc. 2) For the reasons set forth below, we will grant McWilliams leave to proceed *in forma pauperis*, but recommend that this complaint be dismissed, without prejudice to McWilliams attempting to file an amended complaint which adequately states a cause of action.

## II. Discussion

### A. Screening of *Pro Se* Prisoner Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints filed by prisoners who seek leave to proceed *in forma pauperis* which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic

Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

5

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, when a complaint is "illegible or incomprehensible," id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly

6

appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen, supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005). Furthermore, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011).[1]

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the amended complaint, and when examining whether a complaint properly invokes the jurisdiction of this Court.

---

[1] In the first instance Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects, but dismissal can be with prejudice when it is ultimately determined that the deficiencies in a complaint cannot be cured. See, e.g., Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra.

### B. As Currently Drafted, this Complaint Fails to State A Claim Upon Which Relief Can Be Granted

In its current form, McWilliams' complaint fails to state a claim upon which relief may be granted because this pleading fails to meet the substantive standards required by law, in that it does not set forth a "short and plain" statement of a cognizable violation of some right guaranteed by the Constitution or laws of the United States. At the outset, dismissal of this complaint is warranted because the complaint fails to comply with Rule 8's basic injunction that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal of this complaint is appropriate since it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005).

8

Furthermore, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011). Finally, a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

Here, McWilliams' complaint is devoid of well-pleaded facts, does not "contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and [fails to meet Rule 8's requirement] that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Further, the averments set forth in the

complaint are presented without any context, content, coherence or continuity, making it virtually impossible to ascertain the legal and factual significance of McWilliams' allegations.

In particular, McWilliams' allegations with respect to defendants Bender and Weaver are wholly deficient. McWilliams alleges that he is proceeding against these defendants under a federal civil rights statute, 42 U.S.C. §1983. It is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

Here, with respect to these defendants, McWilliams simply states that "[o]n 10/18/13 I saw [Bender] about starting my sex offender program I was suppose to start on 10/22/13 but he removed me from te call out he is denying me programing," and then demands "new counslor [sic] and new group instructor and put in my group emediately [sic]." (Id.) As for defendant Weaver, McWilliams' complaint merely stated that, "[o]n 9/22/13 I fell at work and my supervisor failed to document my fall

on a incident report," and sought the following relief from this Court: "I want him sanctioned for failing to do his job." (Id.) None of these allegations states a colorable claim of a violation of the Constitution or laws of the United States. Therefore, at present, we are "left . . . having to guess what of the many things discussed constituted [a cause of action]." Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011). In such instances, Rule 8 calls for the dismissal of the complaint with instructions that the plaintiff prepare a more coherent document which complies with the strictures of the federal rules of civil procedure.

McWilliams' claims against the institutional defendant, the SCI Rockview Medical Department, are also unavailing as drafted. With respect to this institutional defendant, an agency of the Commonwealth of Pennsylvania, this *pro se* complaint runs afoul of basic constitutional and statutory rules limiting lawsuits against state agencies and officials. First, as a matter of constitutional law, the Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the . . . States . . . .", U. S. Const. Amend XI. By its terms, the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state and state agencies. Moreover, a suit brought against an individual acting in his or her official capacity constitutes a suit against the

state and therefore also is barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

Pursuant to the Eleventh Amendment, states, state agencies and state officials who are sued in their official capacity are generally immune from lawsuits in federal courts brought against them by citizens. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996). This proscription directly applies here. "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, see Pa.Stat.Ann., tit. 71, § 61, it shares in the Commonwealth's Eleventh Amendment immunity. Such immunity, . . . , may be lost in [only] one of two ways: (1) if the Commonwealth waived its immunity; or (2) if Congress abrogated the States' immunity pursuant to a valid exercise of its power. See College Sav. Bank, 527 U.S. at 670, 119 S.Ct. 2219; Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 240-41, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985)." Lavia v. Pennsylvania, Dept. of Corr., 224 F.3d 190, 195 (3d Cir. 2000).

Under the Eleventh Amendment, the Commonwealth's immunity exists as a matter of law unless waived by the state, or expressly and unequivocally abrogated by Congress. In this case, it is clear that Congress has not expressly abrogated this constitutional immunity with respect to federal civil rights lawsuits against the Commonwealth of Pennsylvania Department of Corrections, and the Commonwealth clearly has not waived its immunity. See Lavia v. Pennsylvania, Dept. of Corr., 224

F.3d 190, 195 (3d Cir. 2000). Quite the contrary, the Commonwealth has specifically by statute invoked its Eleventh Amendment immunity in 42 Pa.C.S.A. §8521(b). Thus, while Pennsylvania has, by law, waived sovereign immunity in limited categories of cases brought against the Commonwealth in state court, See 42 Pa.C.S.A. §8522, Section 8521(b) flatly states that: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa.C.S.A. §8521(b). Moreover, beyond these constitutional considerations, as a matter of statutory interpretation, the plaintiff cannot bring a damages action against the Commonwealth since it is also well-settled that a state, a state agency, or a state official acting in an official capacity is not a "person" within the meaning of 42 U.S.C. §1983, the principal federal civil rights statute. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989).

These basic legal tenets apply here and are fatal to McWilliams' claims against the Commonwealth of Pennsylvania Department of Corrections medical department. In sum, this federal civil rights claim for damages against the Commonwealth of Pennsylvania Department of Corrections, Medical Department is barred both by the Eleventh Amendment to the United States Constitution and by cases construing the federal civil rights statute, 42 U.S.C. §1983. Therefore, since these state agencies

cannot be sued in this fashion in federal court, McWilliams' claims against this institutional Commonwealth defendant should be dismissed.

Furthermore, at bottom, McWilliams' complaint seems to entail a disagreement between the plaintiff and medical staff regarding the necessity of surgery at an outside hospital for an otherwise undefined hip and leg injury. If this is the nature of McWilliams' claim then that claim will fail since it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. See Taylor v. Norris, 36 F. App'x 228, 229 (8th Cir. 2002) (deliberate indifference claim failed when it boiled down to a disagreement over recommended treatment for hernias and decision not to schedule a doctor's appointment); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1024-35 (7th Cir.1996) (inmate's disagreement with selection of medicine and therapy for sickle cell anemia falls well short of demonstrating deliberate indifference); Sherrer v. Stephen, 50 F.3d 496, 497 (8th Cir.1994) (inmate's "desire for a replacement joint instead of fusion surgery is merely a disagreement with the course of medical treatment and does not state a constitutional claim"); Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir.1994) (prison provided escalating level of treatment for inmates's ailments over time, and inmate's disagreement with course of medical treatment was insufficient basis for Eighth Amendment violation); Czajka v. Caspari, 995 F.2d 870, 871 (8th Cir.1993) (inmate's mere disagreement with doctor's informed decision to

delay surgery does not establish Eighth Amendment claim); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir.1990) (inmate failed to prove deliberate indifference where his complaints represented nothing more than mere disagreement with course of his medical treatment); Lair v. Oglesby, 859 F.2d 605, 606 (8th Cir.1988) (disagreement about whether doctor should have prescribed medication does not result in constitutional violation); Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir.1985) (Inmate failed to state facts indicating doctor deliberately disregarded his medical problem; inmate's disagreement as to proper medical treatment does not give rise to Eighth Amendment violation).

Therefore, in endeavoring to amend this claim, McWilliams should be mindful of the fact that, where a dispute in essence entails no more than a disagreement between an inmate and doctors over alternate treatment plans, the inmate's complaint will fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference." Gindraw v. Dendler, 967 F. Supp. 833, 836 (E.D. Pa. 1997)(citations omitted). McWilliams should also understand that courts have been reluctant to accept inmate invitations to use injunctions as a means to judicially prescribe specific medical courses of treatment for inmates, typically declining such requests citing either the inmate's failure to either demonstrate irreparable harm; Rivera v. Pennsylvania Dep't. Of Corrections, 346 F.App'x 749 (3d Cir. 2009), Rush v. Correctional Medical Services, Inc., 287

F.App'x 142 (3d Cir. 2008), or to show a likelihood of success on the merits. Quinn v. Palakovich, 204 F.App'x 116 (3d Cir. 2006).[2]

C. **<u>The Complaint Should be Dismissed Without Prejudice</u>**

While this screening merits analysis calls for dismissal of this action in its current form, we recommend that the plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint setting forth well-pleaded claims within the period of the statute of limitations. We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules

---

[2]Finally, while it does not form a basis for a screening dismissal, we note that McWilliams' may wish to devote greater attention to his averments regarding exhaustion of administrative remedies, since a failure to fully exhaust may bar him to proceeding with this lawsuit, at the short time frame between the events alleged in the complaint, and the filing of the complaint makes it virtually impossible for McWilliams to have fully exhausted these claims.

governing civil actions in federal court, by filing an amended complaint containing any timely and proper claims which he may have.

### III. Recommendation

Accordingly, for the foregoing reasons, the plaintiff's request to proceed *in forma pauperis* is GRANTED, (Doc. 2), but, IT IS RECOMMENDED that the plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of October 2013.

                                        ***S/Martin C. Carlson***
                                        Martin C. Carlson
                                        United States Magistrate Judge