IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFERY MCWILLIAMS, | : | Civil No. 3:13-CV-2650 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| MEDICAL DEPARTMENT, et al., | : | |
| | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

I. Statement of Facts and of the Case

On October 28, 2013, the plaintiff, Jeffery McWilliams, a state prisoner, filed a *pro se* complaint with this court. (Doc. 1) McWilliams' complaint was a terse document. It named one institutional defendant, the Department of Corrections, SCI Rockview Medical Department, and two individual defendants, "Counslor [sic]/ Mr. Bender" and "kitchen/Mr. Weaver."

As to these defendants, McWilliams' claims were also cryptic. With respect to the medical department he simply stated that: "On 9/22/13 I saw them about my hip and left leg giving me problems and that I need surgery." (Id.) As relief,

1

McWilliams sought to prescribe a specific course of treatment stating: "I want to have surgery done in a outside hospital." (Id.)

McWilliams' claims against the individual defendants, Bender and Weaver, had a similarly enigmatic quality to them. With regard to defendant Bender, McWilliams simply alleged that "[o]n 10/18/13 I saw him about starting my sex offender program I was suppose to start on 10/22/13 but he removed me from te call out he is denying me programing." As relief, McWilliams demanded a "new counslor [sic] and new group instructor and put in my group emediately [sic]." (Id.) Finally, as for defendant Weaver, McWilliams' complaint stated that, "[o]n 9/22/13 I fell at work and my supervisor failed to document my fall on a incident report," actions for which McWilliams sought the following relief from this court: "I want him sanctioned for failing to do his job." (Id.)

Along with his complaint, McWilliams filed a motion seeking leave to proceed *in forma pauperis*. (Doc. 2) We granted McWilliams leave to proceed *in forma pauperis*, but recommended that this complaint be dismissed, without prejudice to McWilliams attempting to file an amended complaint which adequately states a cause of action. (Doc. 5) On January 7, 2014, the district court adopted this Report and Recommendation, and instructed the plaintiff to file an amended complaint within 20 days. (Doc. 6) McWilliams never attempted to comply with the Court's January 7,

McWilliams sought to prescribe a specific course of treatment stating: "I want to have surgery done in a outside hospital." (Id.)

McWilliams' claims against the individual defendants, Bender and Weaver, had a similarly enigmatic quality to them. With regard to defendant Bender, McWilliams simply alleged that "[o]n 10/18/13 I saw him about starting my sex offender program I was suppose to start on 10/22/13 but he removed me from te call out he is denying me programing." As relief, McWilliams demanded a "new counslor [sic] and new group instructor and put in my group emediately [sic]." (Id.) Finally, as for defendant Weaver, McWilliams' complaint stated that, "[o]n 9/22/13 I fell at work and my supervisor failed to document my fall on a incident report," actions for which McWilliams sought the following relief from this court: "I want him sanctioned for failing to do his job." (Id.)

Along with his complaint, McWilliams filed a motion seeking leave to proceed *in forma pauperis*. (Doc. 2) We granted McWilliams leave to proceed *in forma pauperis*, but recommended that this complaint be dismissed, without prejudice to McWilliams attempting to file an amended complaint which adequately states a cause of action. (Doc. 5) On January 7, 2014, the district court adopted this Report and Recommendation, and instructed the plaintiff to file an amended complaint within 20 days. (Doc. 6) McWilliams never attempted to comply with the Court's January 7,

2014 order, and the time for filing such an amended complaint has now lapsed. On these facts, we recommend that this case be dismissed with prejudice.

## II. Discussion

In this case, McWilliams was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. In this situation, where a deficient complaint is dismissed as to some defendants without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the Court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the Court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the

action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

Therefore, it is recommended that the complaint be dismissed as frivolous for failure to state a claim without further leave to amend.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed as frivolous for failure to state a claim, with prejudice.

> The Parties are further placed on notice that pursuant to Local Rule 72.3: Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of March, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge